IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNIVERSAL TRIM SUPPLY COMPANY LTD.,a Taiwanese Corporation; et al.;<br><br>Plaintiff,<br><br><br><br>vs.<br><br><br><br>K&K COMPANIES GROUP LTD., d/b/a KNK, a foreign Corporation; et al.;<br><br>Defendants. | ORDER and MEMORANDUM DECISION<br><br><br><br><br><br><br><br>Case No. 2:09-CV-18 TC |

Plaintiffs Universal Trim Supply Company Ltd. and Shih-Sheng Yang (together "Universal Trim") own the U.S. Design Patent No. 476,598 (the "'598 Patent"). Defendants K & K Companies Group, Ltd., d/b/a KNK; K & K Trims Manufacturing, Ltd.; K & K Garment Accessories Co.; and K & K Trading Co., Ltd. (collectively "K & K") sell products that allegedly infringe on the claim of the '598 Patent. Among K & K's defenses is that the '598 Patent is invalid because it serves a primarily functional purpose. K & K filed a motion for summary judgment on its invalidity defense. In addition to disagreeing about whether the '598 Patent is invalid, K & K and Universal Trim also disagree on whether and how the court should construe the single claim of the '598 Patent.

The court has determined that a jury question exists regarding whether the '598 Patent serves a primarily functional purpose, and that construing the claim of the '598 Patent would

assist the jury.

## BACKGROUND

A zipper pull tab is the small handle grasped between the fingers when operating a zipper. The '598 Patent claims the design for a zipper pull tab cover. Specifically, the claim of the patent reads: "The ornamental design for a pattern for decorative members, as shown and described." ('598 Patent, attached as ex. A to Pl. Mem. in Support of Claim Construction.) In a statement made during prosecution of the '598 Patent, the applicant explained that the "decorative member is for the purpose of covering and decorating a zipper pull tab." (Nov. 13, 2002, response letter to the U.S.P.T.O., attached as ex. B to Pl. Mem. Supp Claim Construction.)

The '598 Patent contains five drawings that each show a modified oval shaped zipper pull tab cover with a slot-shaped hole. There are small conical pins sticking up from the pull tab cover to make what looks like an oval pad of cone tips on the zipper pull tab cover. Except for the shape and arrangement of the conical pins, all parts of the drawings are depicted in broken lines.

## ANALYSIS

### Claim Construction

Universal Trim proposes the following construction of the claim in the '598 Patent: "Arrangements of conical pins relative to each other, as indicated in the figures. The claim does not cover the aggregate shape of a group of pins." K & K urges the court not to engage in claim construction, or to construe the claim as follows: "The decorative arrangement shown in the figures."

Claim construction is a question of law. Markman v. Westview Instruments, Inc., 52

F.3d 967, 979 (Fed. Cir. 1995), aff'd, 517 U.S. 370 (1996). The court's role in construing a

claim is to provide an appropriate measure of guidance to the jury without crossing the line and

unduly invading the jury's fact-finding process. See Egyptian Goddess, Inc. v. Swisa, Inc., 543

F.3d 665, 680 (Fed. Cir. 2008).

In design patent cases, as in utility patent cases, the trial court has a duty to conduct claim

construction. Id. at 679. But because design patents "typically are claimed as shown in

drawings," the claim construction of design patents "is adapted accordingly." Id. (quoting

Arminak & Assocs., Inc., v. Saint-Gobain Calmar, Inc., 501 F.3d 1314, 1319 (Fed. Cir. 2007)).

For example, in Contessa Food Products, Inc. v. Conagra, Inc., 282 F.3d 1370 (Fed. Cir. 2002),

the Federal Circuit found no error in the district court's construction of the asserted claim as

meaning "a tray of a certain design, as shown in Figures 4-5, containing shrimp arranged in a

particular fashion, as shown in Figures 1-3."

"Given the recognized difficulties entailed in trying to describe a design in words, the

preferable course ordinarily will be for a district court not to attempt to 'construe' a design patent

claim by providing a detailed verbal description of the claimed design." Egyptian Goddess, 543

F.3d at 679.

> Apart from attempting to provide a verbal description of the design,
> a trial court can usefully guide the finder of fact by addressing a
> number of other issues that bear on the scope of the claim. Those
> include such matters as describing the role of particular conventions
> in design patent drafting, such as the role of broken lines, see 37
> C.F.R. § 1.152 . . . .

Id. at 680.

"Where a design contains both functional and non-functional elements, the scope of the

claim must be construed in order to identify the non-functional aspects of the design as shown in the patent." OddzOn Prods., Inc. v. Just Toys, Inc., 122 F.3d 1396, 1405 (Fed. Cir. 1997).

The court believes the jury would be assisted by the following construction, which identifies the allegedly non-functional aspects of the design (the shape and arrangement of the pins) and explains the role of broken lines in the drawings:

"The ornamental design for a pattern for decorative members, as shown and described" means: "The arrangement of conical pins shown in the figures, where the broken lines in the figures are used to show the structure of a zipper pull tab, which is not part of the patented design."

While Universal Trim's proposed construction provides more description than is necessary, K &K's proposed construction, which provides no description, is not sufficiently helpful in this case. The court's construction follows the guidance given in Egyptian Goddess, by providing some guidance, but no more description than is necessary to assist the jury.

**K & K's Motion for Partial Summary Judgment**

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "[S]ummary judgment will not lie . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In determining whether there is a genuine issue of material fact, the evidence must be viewed in the light most favorable to the party opposing the motion, with doubts resolved in favor of the opponent. Transmatic, Inc. v. Gulton Indus., Inc., 53 F.3d 1270, 1274 (Fed. Cir. 1995).

Under 35 U.S.C. Section 171, a design patent may be granted for a

> "new, original and ornamental design for an article of manufacture."
> However, if the design claimed in a design patent is dictated solely by
> the function of the article of manufacture, the patent is invalid
> because the design is not ornamental.

Best Lock Corp. v. ILCO Unican Corp., 40 USPQ 2d 1048, 1049 (Fed. Cir. 1996).

In Best Lock, the Federal Circuit did not disturb the district court's finding that the claimed design of the blade of a key was dictated solely based on the key blade's function (to fit inside its corresponding lock). The aesthetic appeal of the key blade design shown in the design patent at issue in Best Lock was "the inevitable result of having a shape that is dictated solely by functional concerns." Id. at 1050.

Whether the '598 Patent serves a primarily functional purpose is a question for the jury. Unlike the key blade in Best Lock, a zipper pull tab cover does not have to incorporate the design described in the '598 Patent to achieve the equivalent functional advantage over a standard zipper pull tab. As counsel for Universal Trim pointed out at oral argument, a zipper pull tab cover would serve the same functional purpose if it contained pins that were rectangular instead of conical, or if the pins were arranged differently. Accordingly, a reasonable jury could find that the '598 Patent claims a design that is not dictated primarily by function, or, to be more precise, that K & K has not shown by clear and convincing evidence that the '598 Patent describes a design dictated primarily by function.[1]

K & K points to a statement made in the prosecution history of the patent, claiming that the applicant admitted that the design sought to be protected "serves a purely functional

---

[1] In any case, only those aspects of the design found to be ornamental, if any, would be protected by the design patent. See OddzOn Prods., Inc. v. Just Toys, Inc., 122 F.3d 1396, 1404 (Fed. Cir. 1997).

purpose." (Def. Mem. in Support Mot. Summ. J., at 5.) This is the statement:

> In response to the Official Notice requesting information dated October 17, 2002, please be advised that the decorative member is for the purpose of covering and decorating a zipper pull tab. The decorative member enables the zipper tab to be easily pulled, as the design prevents slippage of the wearer's fingers when using the zipper tab. Furthermore, as shown in the drawings, the patterns of the design can be varied to suit and adorn different styles of clothing or other items requiring zippers.

(Nov. 13, 2002, response letter to the U.S.P.T.O., attached as ex. B to Pl. Mem. in Support of Claim Construction.)

Indisputably, the design claimed has a functional advantage–the pins on the zipper pull tab cover create traction, which is helpful for zipping and unzipping. But the statement above is not conclusive proof that the design is <u>primarily</u> functional. The shape and arrangement of the pins might still be ornamental features protected by the design patent. See <u>Richardson v. Stanley Works, Inc.</u>, 597 F.3d 1288, 1293-94 (Fed. Cir. 2010) ("If the patented design is primarily functional rather than ornamental, the patent is invalid. . . . However, when the design also contains ornamental aspects, it is entitled to a design patent whose scope is limited to those aspects alone and does not extend to any functional elements of the claimed article.").

Because the court cannot resolve the disputed factual question regarding whether the design described in the '598 Patent is primarily functional, the court cannot, at this stage, hold that the patent is invalid. Therefore, K & K's partial motion for summary judgment is denied.

SO ORDERED this 8th day of December, 2010.

BY THE COURT:

TENA CAMPBELL
Chief District Judge